# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan Davis, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Martin O'Malley, Commissioner )<br>of the Social Security Administration[1], )<br>)<br>    Defendant. )<br>) | Civil Action No. 9:22-3336-RMG<br><br><br>**ORDER** |

This matter comes before the Court for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on January 11, 2024, recommending that the decision of the Commissioner be reversed and remanded for further administrative proceedings. (Dkt. No. 22). The Commissioner has advised the Court that he does not intend to file objections to the R & R of the Magistrate Judge. (Dkt. No. 23).

The Magistrate Judge makes only a recommendation to this Court. The recommendation

---

[1] Martin O'Malley recently assumed office as Commissioner of Social Security and has been substituted as the named defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

Plaintiff was determined by the Administrative Law Judge ("ALJ") to have various severe mental and physical impairments but concluded that he was not disabled under the Social Security Act because he retained the residual functional capacity to perform less than the full range of light work. Plaintiff challenged on appeal the ALJ's failure to perform a proper

persuasiveness analysis required under 20 C.F.R. § 404.1520c(a) and § 416.920(a) regarding various medical opinions supportive of Plaintiff's claim of disability. The Magistrate Judge agreed, citing deficiencies in the evaluation of the opinions of Dr. Pamela Carlton, Dr. Chad Ritterspach, and Dr. Stephen Smith. ((Dkt. No. 22 at 6-17).  The Magistrate Judge recommended that the decision of the Commissioner be reversed and remanded.   As mentioned above, the Commissioner has filed no objections to the R & R.

      The Court finds that the Magistrate Judge ably assessed the factual and legal issues in this matter and correctly concluded that the ALJ failed to provide an appropriate review and explanation of the medical opinions of Drs. Carlton, Ritterspach and Smith as required under controlling Social Security Act regulations.  Consequently, the Court, **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 22) as the order of the Court and **REMANDS** this matter to the agency for further processing consistent with this order.

      **AND IT IS SO ORDERED.**


                                          s/ Richard Mark Gergel
                                          Richard Mark Gergel
                                          United States District Judge

January 31, 2024
Charleston, South Carolina